**UNITED STATES of America**

v.

**Nathan SHERMAN.**

**Crim. No. 20578.**

United States District Court
E. D. Pennsylvania.

May 3, 1962.

See also 29 F.R.D. 156.

Drew J. T. O'Keefe, U. S. Atty., Carl J. Melone, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Martin Heller, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Before us is the second motion filed by this defendant in this proceeding to suppress evidence. Nathan Sherman was indicted November 22, 1960 for violation of Title 26 U.S.C. §§ 7262 and 7203. His first motion to suppress, filed February 21, 1961, sought the suppression and return of currency. The Government filed an answer to the motion and the Court, after a hearing on June 20, 1961, ordered the return of the currency and suppressed its use as evidence.

Thereafter, the defendant filed the present motion seeking suppression of some oral statements or admissions, possibly of incriminatory nature, which he made to the arresting officers. Hearing was had on this motion and the transcript of the testimony has been lodged.

After careful consideration, we have concluded that decision at this point upon the admissibility at trial of *some of the defendant's oral statements* to the arresting officers would be premature and would make "for truncated presentation of the issue of admissibility, because the legality of the search [1] too often cannot

---

1. And, in this instance, of the arrest.

truly be determined until the evidence at the trial has brought all circumstances to light." Di Bella v. United States, 369 U.S. 121, 129, 82 S.Ct. 654 (1962). We think, too, that interim determinations on such questions of admissibility too frequently tend to make for delay, since, upon call of the case for trial, a continuance is inevitable if a motion to suppress such evidence is still pending before a judge other than the judge to whom the case is assigned for trial. In these circumstances we deem it better practice to reserve until defendant's trial any final ruling on the pending motion to suppress defendant's oral statements or admissions.

### Order

Now, May 3rd, 1962, it is ordered that determination of defendant's motion to suppress certain oral statements or admissions be and it is reserved to the judge presiding at defendant's trial upon this indictment.

The requests and briefs of counsel shall be lodged with the Clerk meanwhile.